UNITED STATES of America, Appellee,

v.

Richard D. NEWHAM, Appellant.

No. 83–2171.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 27, 1984.

Decided March 2, 1984.

Richard D. Newham, pro se.

James M. Rosenbaum, U.S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Richard Newham appeals from the District Court's [1] denial of his motion to set aside sentence under 28 U.S.C. § 2255. He contends that the Government broke its plea bargain agreement with him by failing to clarify to the trial court the extent of his cooperation, and that as a result the court had incomplete information at the time of his sentencing. We conclude that the Government adequately complied with the terms of the plea agreement, and we therefore affirm.

In 1980, Newham pleaded guilty to two counts of mail fraud pursuant to a plea bargain. The bargain required him to cooperate fully with the Government and to testify at a mail fraud trial against three co-defendants who operated a business known as Federal Gold and Silver. In exchange the Government was to inform the court of his cooperation for the court's consideration in sentencing. Under the agreement, the court could sentence Newham to up to five years' imprisonment and a $1000 fine on each of the two counts. Newham cooperated with the Government before and during trial, and his cooperation was duly reported to the court prior to sentencing. On February 9, 1981, Newham received a sentence of four years' imprisonment and a $1000 fine on each count, sentences to run consecutively.[2]

In 1982, Newham testified for the prosecution in a separate mail fraud trial in Chicago. He claims the plea bargain agreement in the Federal Gold and Silver case required the Government to report *all* aspects of his cooperation to the trial court for consideration in determining his sentence. Because the Government failed to inform the court that his cooperation was to continue beyond the date of sentencing, he contends that the Government violated the agreement, and he is entitled to be sentenced in light of his additional cooperation.

After reviewing the record, the District Court concluded that the agreement required the Government only to report Newham's cooperation in connection with the Federal Gold and Silver trial. Any additional cooperation provided by Newham after his sentencing was not intended to be part of the sentencing consideration.[3]

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

2. On November 21, 1983, Newham was paroled after serving 33 months of his sentence.

3. The Government submits that Newham's later testimony in the Chicago case was the result of a separate agreement with the United States Attorney's Office in Chicago, pursuant to which that office was to make Newham's cooperation known to the Parole Commission.

The District Court's factual determination about the terms of the plea agreement is not clearly erroneous. The record supports the conclusion that the United States Attorney's statement to the court at the time of Newham's sentencing fulfilled the Government's obligation under the plea-bargain agreement.

Accordingly, we affirm.